UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CHAD BRYANT WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-382-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| FAYETTE COUNTY DETENTION | ) | **MEMORANDUM OPINION** |
| CENTER, et. al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Chad Wilkerson is a resident of Lexington, Kentucky. Proceeding without counsel, Wilkerson has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e)(2). The Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the plaintiff's complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his Complaint, Wilkerson asserts a number of distinct claims arising from different events that transpired in 2019 when he was incarcerated at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Wilkerson first indicates that in June or July 2019 he was awaiting trial on misdemeanor assault charges, but that he was housed in the "maximum security

housing unit."  At some point during that period of time, another inmate hit him in the head and Wilkerson was knocked unconscious.  Wilkerson was briefly examined in the jail's medical department and "cleared."  However, shortly thereafter an officer became concerned when his eye had swollen shut, and she transferred him to the medical housing unit at the jail.  The next day Wilkerson was taken to the University of Kentucky Hospital, where he was diagnosed with abrasions to the back of his head, fractured facial bones, and was scheduled for eye surgery. [R. 1 at 2, 4]  Wilkerson filed a grievance about his classification (presumably, his placement in the maximum security portion of the jail) in July 2019, but that grievance was denied.  [R. 1 at 7; R. 1-1 at 6-7]

Wilkerson separately complains that on one occasion in September 2019, he was taken to the courthouse for two court appearances on the same day.  Because of the timing of the hearings he was to attend before separate judges and miscommunication between the escorting officers, he was not given any food for lunch that day.  As a result of "neglect" by the officers, he went nine hours between meals.  Wilkerson filed a grievance regarding his missed lunch, and jail staff acknowledged the error.  [R. 1 at 3; R. 1-1 at 3-5]  Wilkerson also states that in October 2019 an officer threw out a newspaper in which Wilkerson had hidden some of his legal mail.  He filed a grievance regarding the lost papers, and jail staff acknowledged that the papers had been inadvertently discarded.  [R. 1 at 3; R. 1-1 at 1-2]

Wilkerson contends that these actions violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  [R. 1 at 4]  Wilkerson names five officers at the jail as defendants [R. 1 at 1-2], but he does not make any allegations against any of them in the body of his complaint.  Instead, he makes a single allegation against an officer Coleman, but she is not listed as a defendant.  *Id*. at 2.  Wilkerson seeks compensatory damages and an order for

needed medical care.  *Id*. at 8.  The Court notes that although Wilkerson's complaint, fee motion, and certificate of inmate account were signed and dated in December 2019, they were not filed in this Court until September 2020.

The Court has thoroughly reviewed Wilkerson's complaint and the materials he has filed in support of it, and concludes that it must be dismissed for several reasons.  First, as noted above, Wilkerson makes no allegations against any of the five persons named as defendants in his complaint.[1]  To state a viable claim for relief, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  Here, while Wilkerson complains of certain events, he does not allege that any of the named defendants either participated directly in them or are otherwise responsible for his injuries.  The Court must therefore dismiss the complaint for failure to satisfy the minimum pleading requirements in Rule 8(a) of the Federal Rules of Civil Procedure.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008).

Second, Wilkerson's claims relating to his housing in the jail and the assault by another inmate are barred by the statute of limitations.  The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening.  *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").  The statute of limitations for civil rights claims arising in Kentucky is one year.  Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*,

---

[1]  FCDC is also listed as a defendant in the docket, but Wilkerson makes no allegations against it, and the jail is not a suable entity in any event.  *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).  The claims against it will therefore be dismissed as well.

543 F. App'x 499, 501 (6th Cir. 2013).  These claims accrued no later than July 7, 2019, when Wilkerson filed his grievance about them.  [R. 1-1 at 7]  *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).  That grievance was denied and a copy of that response was delivered to him on July 15, 2019, thus terminating the tolling of the limitations period.  *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).  Wilkerson did not file suit until 14 months later, after the limitations period had expired.  These claims are therefore time-barred and must be dismissed.  *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Even if this were not so, Wilkerson fails to state a viable failure to protect claim.  A constitutional violation "may occur when prison guards fail to protect one inmate from an attack by another."  *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990).  But to state a claim the plaintiff must show that the guards were actually aware of a risk *specific* to the defendant and failed to act:  an ordinary lack of due care is not enough.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Wilkerson's complaint does not expressly allege such knowledge, and he therefore fails to state a claim with respect to these events.

The Court notes parenthetically that contrary to Wilkerson's assertion, when he was assaulted in July 2019, he was neither a pretrial detainee nor a convicted prisoner with respect to his misdemeanor assault charges.  A search of the Kentucky Court of Justice's online database shows that since 2008 Wilkerson has been a defendant in nearly fifty criminal cases involving everything from minor traffic offenses, misdemeanors, and more serious felonies involving drugs and firearms.  Wilkerson is likely referring to the charges lodged against him on April 19, 2019,

for third degree assault upon a peace officer, third degree terroristic threatening, and second degree disorderly conduct.  On May 13, 2019, he was sentenced to twenty days in jail for those offenses.[2]  He thus would have completed that sentence by June 2, 2019, a month before the assault.  Of course, Wilkerson was not released from the detention center at that time because he was still awaiting trial on charges for trafficking in cocaine (for which he would later be sentenced to one year in prison)[3] as well as fleeing and evading police, violating the conditions of release, and alcohol and traffic violations (for which he would also be sentenced to one year in prison).[4]  All of these charges, both past and then-pending, doubtless placed some role in the decision about where Wilkerson would be housed in the jail.

---

[2]  See *Commonwealth v. Wilkerson*, No. 19-M-02692 (Fayette Cir. Ct. 2019).  The docket for this case can be reviewed at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=DI&caseNumber=19-M-02692&caseTypeCode=MI&client_id=0 (visited on October 26, 2020).  A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").  Such records and information on government websites are self-authenticating. *See* Fed. R. Evid. 902(5); *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself.").  The Court may consider such information when determining whether a claim must be dismissed for failure to state a claim under Rule 12(b)(6) without converting the motion into one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

[3]  See *Commonwealth v. Wilkerson*, No. 18-CR-01397 (Fayette Cir. Ct. 2018).  The docket for this case can be reviewed at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=18-CR-01397&caseTypeCode=CR&client_id=0 (visited on October 26, 2020).

[4]  See *Commonwealth v. Wilkerson*, No. 19-CR-00485 (Fayette Cir. Ct. 2019).  The docket for this case can be reviewed at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=19-CR-00485&caseTypeCode=CR&client_id=0 (visited on October 26, 2020).

Third, the failure of unidentified jail staff to serve Wilkerson lunch on one occasion is simply not serious enough to implicate his constitutional rights.  Conditions of confinement claims asserted by convicted prisoners are governed by the Eighth Amendment, whereas those by pretrial detainees are governed by the Fourteenth Amendment.  But in most contexts (including those here) the applicable standards are the same.  *Cf. Morabito v. Holmes*, 628 F. App'x 353, 356-57 (6th Cir. 2015).  Thus pertinent here is the well-established principle that "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F. 2d 950, 954 (6th Cir. 1987).  While the "deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment[,]" *Cunningham v. Jones*, 567 F. 2d 653, 656, 660 (6th Cir. 1977), an isolated and accidental failure to serve a meal does not amount to the deprivation of life's necessities as measured by contemporary standards of decency.  *Cf. Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Cunningham v. Jones*, 667 F.2d 565, 565 (6th Cir. 1982); *Jones v. Carberry*, No. 2:08-cv-268, 2010 WL 1172562 at *6 (W.D. Mich. March 24, 2010).

Finally, the accidental loss of Wilkerson's property – his unidentified legal materials tucked inside a newspaper – fails to state a constitutional claim.  The negligent or unintentional loss of property is not actionable under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Even if Wilkerson had alleged the loss was intentional (he does not), under *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984) he must further plead and prove that state post-deprivation remedies for the loss are inadequate.  *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983).  No such allegations are presented.

6

Accordingly, it is **ORDERED** as follows:

1.      Wilkerson's complaint [R. 1] is **DISMISSED**, with prejudice.

2.      This matter is **STRICKEN** from the active docket.

This the 29th day of October, 2020.

Gregory F. Van Tatenhove
United States District Judge